1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Nicole S. Dunn, Esq., SBN 213550
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  rfinlay@wrightlegal.net; ndunn@wrightlegal.net
6
7  Attorneys for Defendant, WELLS FARGO BANK, N.A.
8
9              UNITED STATES DISTRICT COURT
10
       FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

| 12 | VICTORIA BASTIDA; ROGELIO | ) | Case No.: |
| 13 | BASTIDA, HUSBAND AND WIFE; | ) | **SACV10-01893 DOC (RNBx)** |
|    | AND BRADLEY VARGAS DBA | ) | |
| 14 | VARGAS HOME, | ) | **NOTICE OF REMOVAL OF** |
| 15 |  | ) | **ACTION PURSUANT TO 28** |
|    | Plaintiffs, | ) | **U.S.C. §1441(b)--(Federal** |
| 16 |  | ) | **Question)** |
| 17 |  | ) | |
| 18 | vs. | ) | |
|    | INDYMAC BANK; INDYMAC | ) | By Fax |
| 19 | FEDERAL BANK; ONE WEST BANK; | ) | |
| 20 | INDYMAC MORTGAGE SERVICES, a | ) | |
|    | division of ONE WEST BANK, FSB; Mr. | ) | |
| 21 | Brandon Latman, First Vice President, | ) | |
| 22 | NDEX WEST; Mr. Gregory Peck, an | ) | |
|    | agent for NDEX WEST; WELLS | ) | |
| 23 | FARGO BANK, N.A.; INVESTORS | ) | |
| 24 | TITLE CORPORATION; MORTGAGE | ) | |
|    | ELECTRONIC REGISTRATION | ) | |
| 25 | SYSTEMS, INC. (MERS), all believed to | ) | |
| 26 | be Foreign Corporations and/or Financial | ) | |
|    | Institutions, and/or Foreign Individual | ) | |
| 27 | Agent(s); T.J. FINANCIAL INC.; | ) | |
| 28 | NUQUEST LENDING; CECILIA | ) | |
|    | HOAN, an Agent for NUQUEST | ) | |

-1-

COPY

1   LENDING; CAL-WESTERN )
2   RECONVEYANCE CORPORATION; )
   AGENCY SALES & POSTING; all )
3   believed to be Domestic Corporations )
4   and/or Domestic Financial Institutions; )
   and OWB REO, LLC, believed to be a )
5   domestic Limited Liability Company; and )
6   JOHN DOES 1-20 )
    )
7           Defendants. )
8   _____ )

9     **TO THE CLERK OF THIS HONORABLE COURT AND ALL**

10 **PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

11     **PLEASE TAKE NOTICE** that Defendant, WELLS FARGO BANK,

12 N.A., by and through their attorneys of record, Wright, Finlay & Zak, LLP, hereby

13 removes to this Court the state court action described below:

14     **1.** On September 20, 2010, Plaintiffs, Victoria Bastida, Rogelio Bastida

15 and Bradley Vargas, dba Vargas Home, filed a complaint against WELLS

16 FARGO BANK, N.A., among others, in the Superior Court of the State of

17 California, for the County of Orange, entitled *Victoria Bastida; Rogelio Bastida,*

18 *Husband and Wife; and Bradley Vargas, dba Vargas Home v. IndyMac Bank, et*

19 *al.,* Case No. 30-2010-00409667 ("State Court Action"). A true and correct copy

20 of that Complaint is attached hereto as Exhibit "A." Pursuant to 28 U.S.C.

21 §1446(a), Defendants have attached as Exhibit "A" copies of all pleadings and

22 orders filed with the Superior Court.

23                   **FEDERAL QUESTION**

24     **2.** The Action may be removed to this Court in accordance with 28

25 U.S.C. § 1441(b) since this Court has original jurisdiction, pursuant to 12 U.S.C.

26 § 1331, over the federal questions presented in Plaintiffs' Complaint.

27 Specifically, Plaintiffs' Complaint asserts causes of action for violations of the

28 following codified laws of the United States:

-2-

1          a.      Violation of Real Estate Settlement Procedures Ace (RESPA)

2   (12 U.S.C. § 2601 et seq.;[1]

3          b.      The Federal Fair Debt Collection Practices Act (15 U.S.C. §

4   1692(g) et seq.;[2]

5          c.      The Truth in Lending Act (15 U.S.C. § 1601, et seq.;[3] and

6   **3.**     The Complaint's remaining causes of action assert the following

7   California state law claims:

8          a.      Lack of Jurisdiction of a Limited Jurisdiction Forum;[4]

9          b.      Unequitable Practices, Predecessor and Successor Corporate

10         Liability;[5]

11         c.      Violation of Cal.Civ. Code Sections 2923.52 et seq.[6]

12         d.      The Making Home Affordable Program[7]

13         e.      Defendants Had No Right to Seek Possession of the Property[8]

14         f.      Unfair or Deceptive Acts or Practices (Bus. & Prof. Code

15         Sections 17200, et seq.[9]

16         g.      Fraud (Civil Code Section 1572, et. seq.)[10]

17         h.      Affordability of the Loan and Breach of Fiduciary Duties[11]

18         i.      Illegal Contract and Notices, Language[12]

19         j.      Unconscionable Contract(s)[13]

20         k.      In the Alternative, Breach of Contract(s)[14]

21

22

[1] Complaint ¶ 8.

23 [2] Complaint ¶ ¶ 11.

[3] Complaint ¶ ¶ 14.

24 [4] *Id.* at ¶6.

[5] *Id.* at ¶7.

25 [6] *Id.* at ¶9.

[7] *Id.* at ¶10.

26 [8] *Id.* at ¶12.

[9] *Id.* at ¶13.

27 [10] *Id.* at ¶15.

[11] *Id.* at ¶15 (sic).

28 [12] *Id.* at ¶16 (sic).

-3-

1        l.     Bad Faith Breach of Contract(s)[15]

2        m.    Breach of Quiet Enjoyment[16]

3        n.    Punitive Damages[17]

4

5       Each of the aforementioned state law claims is transactionally related to,

6 and arises out of, the same common nucleus of operative fact as, the federal

7 claims stated above and thus, each state law claim is subject to the supplemental

8 jurisdiction of this Court under 28 U.S.C. § 1367(a), as being part of the same

9 case or controversy.

10    **4.**    Defendant *received* a copy of Plaintiffs' Complaint on or about

11 November 18, 2010.

12    **5.**    Defendant is unaware if any other named defendant to the Action

13 has received or been served with the summons and Complaint in this Action,

14 although reasonable diligence has been performed to ascertain such information,

15 as well as to reach an authorized individual for each of the remaining defendants.

16 Also, none of the named defendants have appeared in this Action or have

17 responded to the Complaint. As of December 10, 2010, as far as Defendant is

18 aware, the remaining Defendants have not been served or appeared in the State

19 Court Action, and accordingly, are not required to join in the removal of this

20 action.  A defendant that has not been served is not required to join in a removal.

21 *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir.

22 1984) (superseded in irrelevant part by statute); *Cmty. Bldg. Co. v. Maryland*

23 *Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).  Defendant has reviewed the

24 register of actions and the docket of the State Court Action and no appearance or

25 proof of service is filed therein as of December 10, 2010.

26

27   [13] *Id.* at ¶17 (sic).

28   [14] *Id.* at ¶18 (sic).
      [15] *Id.* at ¶19 (sic).
      [16] *Id.* at ¶20 (sic).

**NOTICE OF REMOVAL OF ACTION**

1    **7.**    This Notice of Removal is brought within 30 days of service upon

2    Defendant and is timely as required by 28 U.S.C. § 1446(b) and *Federal Rules of*

3    *Civil Procedure,* Rule 6.

4    **8.**    As required by 28 U.S.C. § 1446(d), Defendants will provide written

5    notice of the removal of this action to Plaintiff, and to the Orange County

6    Superior Court.

7        WHEREFORE, WELLS FARGO BANK, N.A., hereby remove Orange

8    County Superior Court, Case No. 30-2010-00409667, to the United States District

9    Court, Central District of California.

10

11                                                Respectfully submitted,

12                                                WRIGHT, FINLAY & ZAK, LLP

13

14   Dated: December 10, 2010            By: _____

15                                                T. Robert Finlay, Esq.
                                                  Nicole S. Dunn, Esq.
16                                                Attorneys for Defendant, WELLS
                                                  FARGO BANK, N.A.
17

18

19

20

21

22

23

24

25

26

27

28

---

[17] *Id.* at ¶21 (sic).

-5-

EXHIBIT "A"

COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 20 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON, DEPUTY

1  James J. Brown, III, CSBN 169686
   The Law Offices of James J. Brown, III
2  1700 E. Garry Ave., Suite 222
   Santa Ana, California, 92705
3  Tel: 562-363-6850
   Fax: 888-558-1765
4  e-mail: jjbrown@jjbrownlaw.com
   Attorney for Plaintiffs Victoria Bastida;
5  Rogelio Bastida; and Bradley Vargas,
   d/b/a Vargas Home
6

7              SUPERIOR COURT, STATE OF CALIFORNIA
                       COUNTY OF ORANGE

8  VICTORIA BASTIDA;                    )      Case No.:
9  ROGELIO BASTIDA, HUSBAND AND         )
   WIFE; AND BRADLEY VARGAS, D/B/A     )  COMPLAINT FOR DAMAGES
10 VARGAS HOME,                         )          AND
                                        )     INJUNCTIVE RELIEF
11        Plaintiffs,                   )
                                        )
12        vs.                           )
                                        )
13                                      )      30-2010
   INDYMAC BANK; INDYMAC FEDERAL        )
14 BANK; ONE WEST BANK; INDYMAC         )    00409667
15 MORTGAGE SERVICES, a division        )
   of ONE WEST BANK, FSB; MR.           )
16 BRANDON LATMAN, First Vice           )
   President; NDEX WEST; MR.            )
17 GREGORY PECK, an Agent for NDEX      )    JUDGE GREGORY H. LEWIS
18 WEST; WELLS FARGO BANK, N.A.;        )         DEPT C25
   INVESTORS TITLE CORPORATION;         )
19 MORTGAGE ELECTRONIC                  )
   REGISTRATION SYSTEMS, INC.           )
20 (MERS),all believed to be            )
21 Foreign Corporations and/or          )
   Financial Institutions, and/or       )
22 Foreign Individual Agent(s);         )
   T.J. FINANCIAL INC.; NUQUEST         )
23 LENDING; CECILIA HOAN, an Agent      )
   for NUQUEST LENDING; CAL-            )
24 WESTERN RECONVEYANCE                  )
25 CORPORATION; AGENCY SALES &          )
   POSTING;    all believed to be       )
26 Domestic Corporations and/or         )

27                  COMPLAINT FOR DAMAGES
                            AND
28                   INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

                           P1

1  Domestic Financial
2  Institutions; and OWB REO, LLC,         )
   believed to be a domestic                )
3  Limited Liability Company; and           )
   JOHN DOES 1-20                           )
4                                           )
                                            )
5        Defendants.                        )
                                            )

6

7  _____

8          COMES NOW the Plaintiffs, VICTORIA BASTIDA; ROGELIO

9  BASTIDA, HUSBAND AND WIFE; AND BRADLEY VARGAS, D/B/A VARGAS HOME

10 through counsel, James J. Brown, III, of The Law Office of James

11 J. Brown, III, and for Causes of Action against Defendants

12 asserts the following:

13

14                              I

15       IDENTITY OF PARTIES, JURISDICTION AND VENUE

16 1    The Plaintiffs, VICTORIA BASTIDA; ROGELIO BASTIDA, HUSBAND

17 AND WIFE; AND BRADLEY VARGAS, D/B/A VARGAS HOME, operate an

18 assisted living home in the city of Tustin, California, commonly

19 known as 14521 Alder Lane.

20

21 2    Plaintiffs re-assert paragraph 1 as if fully set forth

22 herein.  There are six residents in the Vargas Home whom are

23 wards of the State of California.  It would be a breach of their

24 rights to privacy and confidentiality to identify same without a

25 court order.  Nevertheless, they are persons with a legal

26

27                    COMPLAINT FOR DAMAGES
                              AND
28                     INJUNCTIVE RELIEF

   Copyright 2010
   James J. Brown, III
   California State Bar No. 169686

                              P2

11/18/10 15:01:02

1   interest in these proceedings for which *Guardians ad litem*

2   should probably be appointed to protect their rights.

3   3      Plaintiffs re-assert paragraph 1 and 2 as if fully set

4   forth herein. The Defendants, and each of them, are all doing

5   business within Orange County, State of California; to wit:

6

7        A   INDYMAC BANK; INDYMAC FEDERAL BANK; ONE WEST BANK;

8   INDYMAC MORTGAGE SERVICES, a division of ONE WEST BANK, FSB; MR.

9   BRANDON LATMAN, First Vice President; NDEX WEST; MR. GREGORY

10  PECK, an Agent for NDEX WEST; WELLS FARGO BANK, N.A.; INVESTORS

11  TITLE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

12  INC. (MERS), all believed to be Foreign Corporations and/or

13  Financial Institutions, and/or Foreign Individual Agent(s); AND

14

15       B   T.J. FINANCIAL INC.; NUQUEST LENDING; CECILIA HOAN, an

16  Agent for NUQUEST LENDING; CAL-WESTERN RECONVEYANCE CORPORATION;

17  AGENCY SALES & POSTING; believed to be Domestic Corporations

18  and/or Domestic Financial Institutions; and OWB REO, LLC,

19  believed to be a domestic Limited Liability Company; AND

20

21       C   There may be, and most likely are, others liable

22  whose identities are currently unknown, and, thus, are sued in

23  their factitious capacities as JOHN DOES 1-20.

24

25

26

27                    COMPLAINT FOR DAMAGES
                             AND
28                    INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

                              P3

4    Plaintiffs re-assert paragraphs 1 through 3 as if fully set forth herein. Jurisdiction and Venue are proper in the above-entitled court.

II

<u>**STATEMENT OF MATERIAL FACTS**</u>

5    Plaintiffs re-assert paragraphs 1 through 4 as if fully set forth herein. <u>This is a predatory lender liability case.</u>

A    On or about June 22, 2007, a residential loan application was submitted by VICTORIA BASTIDA to NUQUEST LENDING located in Orange, California, for the purchase of the subject property.

B    In July 2007, a Fixed/Adjustable Rate Note Interest Only Fixed Period was executed by VICTORIA BASTIDA with T. J. FINANCIAL, INC., located in Monrovia, California.  The principle sum of the note was $576,000.00.  A Deed of Trust was executed with T. J. FINANCIAL, INC.

C    For reasons not explained by the transaction documents, WELLS FARGO BANK, N.A., was identified as the original beneficiary.  WELLS FARGO BANK, N.A., substituted CAL-WESTERN RECONVEYANCE CORPORATION of El Cajon, California in an undated document.

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P4

11/18/10 15:01:04

D    Proper notices of Trustee substitution were not provided to PLAINTIFFS. [Civil Code Section 2934a, *et seq.*]

E    In October 2009, correspondence was received from INDYMAC MORTGAGE SERVICES which purported to "own" the loan. MR. BRANDON LATMAN, First Vice President of same made these representations.

F    Likewise in October 2009, a Substitution of Trustee was supposedly notarized in the State of Texas which represented that INVESTORS TITLE CORPORATION was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) was the original beneficiary per a Deed of Trust of the same date as that with T. J. FINANCIAL, INC.  Proper notices were not given to the PLAINTIFFS of these supposed events.

G    Also in October 2009, Mr. GREGORY PECK of NDEx WEST, L.L.C. advised that ONEWEST BANK, FSB, was now servicing the loan.  No notices of legal assignment(s) or legal transfer of commercial paper were provided to PLAINTIFFS.

H    On November 30, 2009, a Notice of Trustee's Sale was recorded by AGENCY SALES & POSTING of Irvine, California and/or NDEx WEST, L.L.C.  AGENCY SALES & POSTING was listed for Trustee Sale Information.  NDEx WEST, L.L.C., was identified as "… may

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P5

be acting as a debt collection agency, and as a "duly appointed
Trustee" which referenced the July 2007 Deed of Trust.

I    Thereafter INDYMAC MORTGAGE SERVICES represented
itself as "… a Division of One West Bank." In May 2009, INDYMAC
FEDERAL BANK began to make demands.

J    Modification proposals and participation in the Making
Homes Affordable Program were not made with the actual intention
of allowing PLAINTIFFS to participate, but were actually an
attempt to conceal their illegal activities.   In other words,
these sham attempts to comply with the aforementioned laws were
made in bad faith.

K    In July 2010, a financial analysis was performed
concerning the subject transaction.

    (1) It was ascertained that concerning T. J.
    FINANCIAL, INC. and NUQUEST LENDING that $6,115.00 were
    never properly disclosed to PLAINTIFFS.

    (2) State and Federal disclosures were not sent
    within three days of the loan application.

    (3) The loan application interviewer CECILIA HOANG
    for NUQUEST LENDING did not state monthly gross income on
    the application.   SHE did not place a figure as the

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

11/18/10 15:01:06

proposed combined monthly housing expense.   SHE did not properly account for PLAINTIFFS monthly recurring liabilities.

(4)  **The minimum Debt to Income ration for the transaction was 112.063%.  PLAINTIFFS were placed into a non-affordable mortgage.**

(5)  The deceptive lending practices has potentially placed the PLAINTIFFS and THEIR CHARGES in a position to loose THEIR home.

(6)  To date, INDYMAC, its PARENT COMPANY ONE WEST BANK, it's subsidiaries and agents, along with T. J. FINANCIAL, INC.; NDEx WEST; and NUQUEST LENDING have not properly responded to the Qualified Written Request required by Federal Laws.   Neither have THEY properly responded to further inquiries or proposed preliminary resolutions.

(7)  PLAINTIFFS deny the validity of the purported Trustee's Sale as stated per the points and authorities asserted *infra* As such, a *Lis Pendens* was recorded concerning the real property at issue as title is in dispute.

//

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P7

Lack of Jurisdiction of A Limited Jurisdiction Forum

6.   PLAINTIFFS re-assert paragraphs 1 through 5 above as if fully set forth herein. As the issues and laws may be beyond the jurisdiction in a limited forum to adequately adjudicate PLAINTIFFS' rights and defenses, PLAINTIFFS would seek to stay any attempt at prosecuting an Unlawful Detainer.

## SECOND CAUSE OF ACTION
### Unequitable Practices;
### Predecessor and Successor Corporate Liability

7.   PLAINTIFFS re-assert paragraphs 1 through 6 above as if fully set forth herein. As the recent plethora of new legislation and government programs further attempts to cure, the illegal practices committed by DEFENDANTS compose a major catalyst in our Great Recession.  DEFENDANTS, successors in interest _and liability_, did not abide by the law then, and have not done so now.  One of the first Statutes passed in California reads:  _One shall not profit from one's own wrong_:  This is the basic tenet of equity.

//

//

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P8

## THIRD CAUSE OF ACTION

### Real Estate Settlement Procedures Act

### [U.S.C. Sec. 2601, et seq.]

8.   PLAINTIFFS re-assert paragraphs 1 through 7 above as if fully set forth herein.  Fees were never properly disclosed to the borrower, PLAINTIFFS, as required by 12 U.S.C. Sec. 2601, et seq., the Real Estate Settlement Procedures Act.  Lenders, the DEFENDANTS AND THEIR AGENTS, have an obligation to provide a Good Faith Estimate of the closing costs that will be due at time of settlement, among myriad other duties and responsibilities, including but not limited to Fiduciary Duties. [*Please see, infra.*}

## FOURTH CAUSE OF ACTION

### The 90 Day Moritorium

### [Cal. Civ. Code Sections 2923.52, *et seq.*]

9.   PLAINTIFFS re-assert paragraphs 1 through 8 above as if fully set forth herein.  In addition, California Civil Code Sections 2923.52, et seq., requires the LENDERS) to suspend all collection activities and/or sales until a complete investigation is conducted and the loan restructured; to wit:

**2923.52.** (a) Notwithstanding paragraph (3) of subdivision (a) of Section 2924, a mortgagee, trustee, or other person authorized to take sale shall not give notice of sale until at least 90 days after the lapse of three months as set forth in paragraph (2) of subdivision (a) of Section 2924,

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

1    in order to allow the parties to pursue a loan modification
2    to prevent foreclosure, if all of the following conditions
3    exist: (1) The loan was recorded during the period of
4    January 1, 2003, to January 1, 2008, inclusive, and is
5    secured by residential real property.   (2) The loan at
6    issue is the first mortgage or deed of trust that the
7    property secures.   (3) The borrower occupied the property
8    as the borrower's principal residence at the time the loan
9    became delinquent.   (4) The notice of default has been
10   recorded on the property.

11
12  Therefore, this <u>attempt</u> at foreclosure, <u>attempt</u> of trustee's
13  sale, and any <u>attempted</u> eviction in any wrongful Unlawful
14  Detainer action <u>brought knowingly in bad faith are prohibited by</u>
15  <u>Statutes.</u>   Should DEFENDANTS or ANY OF THEM attempt to assert an
16  exemption to this Statute, they are put to proof of same.

17

18

19               <u>FIFTH CAUSE OF ACTION</u>
20          **The Making Home Affordable Program**

21  10.   PLAINTIFFS re-assert paragraphs 1 through 9 above as if
22  fully set forth herein. In addition, at the Federal level, The
23  Honorable Barak H. Obama, President of the United States of
24  America, as duly passed by Congress and enacted into law,
25
26  initiated The Making Home Affordable Program, designed to help
27           COMPLAINT FOR DAMAGES
                 AND
28          INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

11/18/10 15:01:08

1   the 7-9 Million Home Owners who are at risk of loosing their

2   homes, is available but has been illegally denied to PLAINTIFFS.

3

4       (A)  Under this program, the Plaintiffs _must_ work toward

5   re-structuring this debt.   Mortgage rates are to be lowered.

6   Currently, interest rates are 4.3%.  [Judicial Notice Requested]

7   Terms can be extended up to 40 years.   The balance of the loan

8   reduced to the current fair market value of the property.

9   Mortgage balances are to be _forgiven_ so that payments do not

10

11  exceed 31% of monthly income which is the maximum that legally

12  may be charged.   [HUD Guidelines, _incorporated by reference._

13  Judicial Notice Requested]

14

15      (B)  In March 2009, _75 Billion Dollars was extended to_

16  _assist Home Owners such as PLAINTIFFS,_ and over one-half million

17  Americans have signed up under the program.   [Judicial Notice

18  Requested]

19                    SIXTH CAUSE OF ACTION

20              **Fair Debt Collection Practices Act**

21                [15 U.S.C. Sections 1692g, _et seq._]

22

23  11.  PLAINTIFFS re-assert paragraphs 1 through 10 above as if

24  fully set forth herein.

25

26

27                    COMPLAINT FOR DAMAGES
                              AND
28                      INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

                              P11

(A)   Under   the   Fair   Debt   Collection   Practices   Act,   15 U.S.C.   Sections   1692g,   *et seq.*,   <u>once   there   is   a   dispute concerning the debt, the lender cannot proceed with the sale:</u>

**(b)   Disputed   debts.**   If   the   consumer   notifies   the debt   collector   in   writing   within   the   thirty-day   period described   in   subsection   (a)   of   this   section   that   the   debt, or   any   portion   thereof,   is   disputed,   or   that   the   consumer requests   the   name   and   address   of   the   original   creditor, the   debt   collector   shall   cease   collection   of   the   debt,   or any   disputed   portion   thereof,   until   the   debt   collector obtains   <u>verification of the debt</u>   or   a   copy   of   a   judgment, or   the   name   and   address   of   the   original   creditor,   and   a copy   of   such   verification   or   judgment,   or   name   and   address of   the   original   creditor,   is   mailed   to   the   consumer   by   the debt   collector.   Collection   activities   and   communications that   do   not   otherwise   violate   this   subchapter   may   continue during   the   30-day   period   referred   to   in   subsection   (a) unless   the   consumer   has   notified   the   debt   collector   in writing   that   the   debt,   or   any   portion   of   the   debt,   is disputed   or   that   the   consumer   requests   the   name   and address   of   the   original   creditor.   Any   collection activities   and   communication   during   the   30-day   period   may not   overshadow   or   be   inconsistent   with   the   disclosure   of the   consumer's   right   to   dispute   the   debt   or   request   the name   and   address   of   the   original   creditor.   [*Emphasis Added*]

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

11/18/10 15:01:10

The debt at issue in the case at bar was *indeed disputed* according to the elements of the statute.

(B)   **Neither did the Plaintiffs validate the debts as required by Section 1692g:**

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector [*Emphasis Added*]

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P13

11/18/10 15:01:11

(C) <u>Taken together the acts and omissions of Plaintiffs again</u> constitute unfair practices under section 1692f:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

DEFENDANTS, AND EACH OF THEM, failed to so abide by the duties imposed by law.

## SEVENTH CAUSE OF ACTION

**DEFENDANTS HAD NO RIGHT TO SEEK POSSESSION OF THE PROPERTY**

12. PLAINTIFFS re-assert paragraphs 1 through 11 above as if fully set forth herein. Furthermore, in combination with the 90 Day Moratorium in itself - and especially in light of the Making Home Affordable Program - <u>the DEFENDANTS had no right to seek possession of the property, nor are they entitled to it now.</u> THerefore, under the following, Plaintiffs acts and omissions are per se Unfair Practices:

(6) *Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—*

(A) there is **no present right to possession** of the property claimed as collateral through an enforceable security interest;

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P14

11/18/10 15:01:11

1    (C) the property is exempt by law from such

2    dispossession or disablement.

3    [Fair Debt Collections Practices Act, *Emphasis Added*]

5    ## EIGHTH CAUSE OF ACTION

6    **Unfair or Deceptive Acts and Practices**

7    [Bus. & Prof. Code Sections 17200, *et seq.*]

8
9    13.  PLAINTIFFS re-assert paragraphs 1 through 12 above as if

10   fully set forth herein.   What is more, is that the entire

11   transaction from beginning to now constitutes Unfair or

12   Deceptive Acts and Practices under Business & Professions Code

13   Sections 17200, *et seq.* Under California Law any act which

14   *violates any law is an unfair or deceptive act as defined by the*

15   *Statute* cited supra.

16

17   ## NINTH CAUSE OF ACTION

18   **Truth in Lending Act**

19   [15 U.S.C. Sections 1601, *et seq.*]

20   14.  PLAINTIFFS re-assert paragraphs 1 through 13 above as if

21   fully set forth herein.   The Truth in Lending Act, 15 U.S.C.

22   Sections 1601, *et seq.*, is primarily aimed at, as the title of

23   the Act would suggest, *truth.* When income is falsified, fees

24   not disclosed, debt to income ratios ignored, and the rights of

25   the consumer such as PLAINTIFFS ignored, the very essence of

26   this Statute has been violated.   In a nutshell, this is

27   financial abuse born of greed and averace:

28   COMPLAINT FOR DAMAGES
     AND
     INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P15

11/18/10 15:01:12

§ 1601. Congressional findings and declaration of purpose

(a) Informed use of credit

The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and the firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. [Emphasis Added.]

## TENTH CAUSE OF ACTION
### Fraud
[Civil Code Sections 1572, et. Seq.]

15. PLAINTIFFS re-assert paragraphs 1 through 14 above as if fully set forth herein. The acts and omissions portrayed herein by Plaintiffs, their successors and predecessors in interest, meet the nine "horn book" elements of fraud. *Please see* Civil Code Sections 1572, et. seq.

//

AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P16

11/18/10 15:01:13

## ELEVENTH CAUSE OF ACTION
### Affordability of the Loan
### And
### Breach of Fiduciary Duties

[FHA TOTAL Scorecard.  Please see: HUD Mortgagee Letter 2005-16 & HUD Handbook 4155.1, REV-5, Paragraph 2-12 and 2-13]

[Cal. Financial Code Sections 4270; 4973; 4975.5]

[Bus. And Prof. Code Section 2923.1]

15.  PLAINTIFFS re-assert paragraphs 1 through 14 above as if fully set forth herein.  At no time did the DEFEDNATS ever address the Affordability of the Loan as required by law, Federal or State [Cal. Financial Code Sections 4270; 4973; 4975.5]:

The following excerpt is from the U. S. Government's Official Web Portal:

Debt-to-Income Ratio

| Chapter | | |
|---|---|---|
| Mortgage | Credit | 2 |
| Page 2-12 | | Guidelines |

When either or both of the permissible ratios of 31/43 is/are exceeded, the lender is required to explain, in the "Remarks" section of the Mortgage Credit Analysis Worksheet (MCAW), why they believe the mortgage presents an acceptable risk. The lender must include on their MCAW any compensating factors used in the loan approval.  This

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P17

requirement does not apply for loans rated acceptable by an Automated Underwriting System utilizing the FHA TOTAL Scorecard. [Please see: HUD Mortgagee Letter 2005-16 & HUD Handbook 4155.1, REV-5, Paragraph 2-12 and 2-13; The U.S. government's official web portal]

Also helpful is the following information retrieved from "http://en.wikipedia.org/wiki/Debt-to-income_ratio" for the definition as commonly recognized in the real estate residential lending industry concerning consumers such as PLAINTIFFS:

A **debt-to-income ratio** (often abbreviated **DTI**) is the percentage of a consumer's monthly gross income that goes toward paying debts. (Speaking precisely, DTI's often cover more than just debts; they can include certain taxes, fees, and insurance premiums as well. Nevertheless, the term is a set phrase that serves as convenient, well-understood shorthand.) There are two main kinds of DTI:

The two main kinds of DTI are expressed as a pair using the notation x/y (for example, 28/36).

1. The first DTI, known as the *front ratio*, indicates the percentage of income that goes toward housing costs, which for renters is the rent amount and for homeowners is PITI (PITI includes mortgage principal and interest, mortgage insurance premium [when applicable], hazard

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P18

insurance premium, property taxes, and homeowners' association dues [when applicable]).

2. The second DTI, known as the *back ratio*, indicates the percentage of income that goes toward paying all recurring debt payments, including those covered by the first DTI, and other debts such as credit card payments, car loan payments, student loan payments, child support payments, alimony payments, and legal judgments.[1]

In order to qualify for a mortgage for which the lender requires a debt-to-income ratio of 28/36:

* Yearly Gross Income = $45,000 / Divided by 12 = $3,750 per month income.
  o $3,750 Monthly Income x .28 = $1,050 allowed for housing expense.
  o $3,750 Monthly Income x .36 = $1,350 allowed for housing expense plus recurring debt.

What DTI limits are used in qualifying borrowers?

**Conforming loans**

In the U.S., for conforming loans, the following limits are currently typical:

* Conventional financing limits are typically 28/36.
* FHA limits are typically 31/43.[2]

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

- VA limits are only calculated with one DTI of 41. (This is effectively equal to 41/41, although VA does not use that notation.) Nonconforming loans

Back ratio limits up to 55 have become common in recent years for nonconforming loans. The recent spate of defaults by subprime borrowers may produce a market correction that revises these limits downward again. However, how large the adjustment remains to be seen.

**Historical limits**

The business of lending and borrowing money has evolved qualitatively in the post-World-War-II era. It was not until that era that the FHA and the VA (through the G.I. Bill) led the creation of a mass market in 30-year, fixed-rate, amortized mortgages. It was not until the 1970s that the average working person carried credit card balances (more information at Credit card#History). Thus the typical DTI limit in use in the 1970s was PITI<25%, with no codified limit for the second DTI ratio (the one including credit cards). In other words, in today's notation, it could be expressed as 25/25, or perhaps more accurately, 25/NA, with the NA limit left to the discretion of lenders on a case-by-case basis. In the following decades these limits gradually climbed higher, and the second limit was codified (coinciding with the evolution of modern credit scoring), as lenders determined empirically how much risk was profitable. This empirical process continues today.

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

11/18/10 15:01:16

References

"Analyzing Your Debt to Income Ratio". Home Buying / Selling.

1. About.com.
   http://homebuying.about.com/cs/mortgagearticles/a/debt_to_income.htm.
2. David Sirota, PhD (2006). Real Estate Finance (11th edition ed.). Dearborn Press.

(A)  It is PLAINTIFFS' position that the Federal Standard of 31% takes supremacy over the State Standard of 55%.

(B)  Under the principles thus stated, PLAINTIFFS were unknowingly placed into an unaffordable mortgage toward which the DEFENDANTS and their predecessors and successors in interest had complete scienter and ill intent in breach of the Federal and State laws cited including breaches of their fiduciary duties..

## TWELFTH CAUSE OF ACTION
### Illegal Contract and Notices, Language

16.  PLAINTIFFS re-assert paragraphs 1 through 15 above as if fully set forth herein.  The contract, loan documents, notices, etc., violate California law as the same were not in Spanish. PLAINTIFF, ROGELIO BASTIDA does <u>not speak English at all</u>.

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P21

English is not the native language of PLAINTIFF, VICTORIA BASTIDA. SHE speaks some English, but not sufficiently to have understood the contract, loan documents, etc., in ofrder to make an informed decision.

### THIRTEENTH CAUSE OF ACTION
### Unconscionable Contract(s)

17. PLAINTIFFS re-assert paragraphs 1 through 16 above as if fully set forth herein. The contractual documents are unconscionable under applicable standards of interpretation and application. In addition, the remedy of

### FOURTEENTH CAUSE OF ACTION
### In the Alternative, Breach of Contract(s)

18. PLAINTIFFS re-assert paragraphs 1 through 17 above as if fully set forth herein. In the alternative DEFENDANTS, their predecessors and successors in interest and liability, are liable for breach of contract.

### FIFTEENTH CAUSE OF ACTION
### Bad Faith Breach of Contract(s)

19. PLAINTIFFS re-assert paragraphs 1 through 18 above as if fully set forth herein. Due to the acts and omissions of DEFENDANTS, their predecessors and successors in interest and liability, the same are liable for extra-contractual damages under the theory of liability for bad faith breach of contract. Implied by law in every contract is the warranty and duty of

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

good faith and fair dealing.    DEFENDANTS did not comply with
such standards of conduct.

## SIXTENTH CAUSE OF ACTION
### Breach of Quiet Enjoyment

20.  PLAINTIFFS re-assert paragraphs 1 through 19 above as if
fully set forth herein.    Implied by law in every contract
pertaining to an interest in real estate is the implied warranty
of habitability.  DEFENDANTS, their predecessors and successors
in interest and liability, have breached that warranty whereby
PLAINTIFFS may recover general damages for pain, suffering, and
the stress associated with the predicament in which they now
find THEMSELVES.

## SEVENTEENTH CAUSE OF ACTION
### Punitive Damages

21.  PLAINTIFFS re-assert paragraphs 1 through 20 above as if
fully set forth herein.  Due to the intentional; and/or wanton;
and/or reckless; and/or fraudulent; and/or oppressive; and/or
deceptive acts and omissions of DEFENDANTS, their predecessors
and successors in interest and liability, the same should be
punished, and PLAINTIFFS awarded exemplary damages.

### PRAYER FOR RELIEF

20.  PLAINTIFFS re-assert paragraphs 1 through 19 above as if
fully set forth herein:  Under the facts and the law, PLAINTIFFS
should be made whole with the following relief:

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P23

(A) All equitable remedies by way of injunctive and/or mandamus order and relief to prevent harm, and/or to compel DEFENDANTS, their predecessors and successors in interest and liability, to perform acts legally required in accordance with the authorities cited, and to halt any and all illegal activities including, but not limited to, the Rescission of that Trustee's Sale; Quieting Title; Staying any Eviction; to Quash and Re-call any Writ of Possession; to Re-call and Quash any Notice to Quit or to Vacate; to Rescind Illegal Contracts and Impose Legal Standards; to Issue such Declaratory Relief as necessary; and to Compel Involvement in Governmental Programs; AND

(B) To disgorge all of Plaintiffs, their predecessors and successors in interest, profits pursuant to and in accordance with Business & Professions Code Section 17200, et seq.; AND

(c) To award monetary damages, general, special, restitution and exemplary; and

(d) To award statutory damages and/or penalties and/or attorney's fees and taxable costs; and

(e) For such other relief as the court shall deem just and equitable under the circumstances.

COMPLAINT FOR DAMAGES
AND
INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

P24

1   //
2   Respectfully submitted
    This 13TH Day of September, 2010.
3
4
5
6   James J. Brown, III,
    The Law Offices of James J. Brown, III,
7   Attorney for PLAINTIFFS, Victoria Bastida;
    Rogelio Bastida; and Bradley Vargas, d/b/a
8   Vargas Home
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27              COMPLAINT FOR DAMAGES
                        AND
28                INJUNCTIVE RELIEF

Copyright 2010
James J. Brown, III
California State Bar No. 169686

                    P25

11/18/10 15:01:00

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
JAMES J. BROWN, III, CSBN 169686
THE LAW OFFICES OF JAMES J. BROWN, III
1700 E. Garry Ave., Suite #222
Santa Ana, California 92705
TELEPHONE NO: (562) 363-6850     FAX NO: (888) 558-1765
ATTORNEY FOR (Name): VICTORIA BASTIDA, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
BASTIDA, et al. v. INDYMAC BANK, et al.

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 20 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON , DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2010 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 00409667 JUDGE: JUDGE GREGORY H. LEWIS DEPT. C26 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 17
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/20/2010
James J. Brown
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

### CIVIL CASE COVER SHEET

Page 2 of 2

11/18/10 15:01:20

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                            Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

11/18/10 15:01:23

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                          Fax No. *(Optional)*:
E-Mail Address *(Optional)*:
ATTORNEY FOR *(Name)*:                          Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**JUSTICE CENTER:**
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s)_____

and defendant(s)/respondent(s), _____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
              ☐ Under section 1141.11 of the Code of Civil Procedure
              ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____                                               _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____                                               _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)              (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)                                               California Rules of Court, rule 3.221

11/18/10 15:01:23

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**<br><br>☐Arbitration ☐Mediation ☐Neutral Evaluation | CASE NUMBER: |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION, AND FILE IT WITH THE COURT.)**

## ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

| Short Title: | Case Number: |
|---|---|

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1. _____   2. _____   3. _____   4. _____

Attorney and Firm Name: _____

Mailing Address: _____ City_____ ZIP_____

Area Code and Telephone Number: _____ Fax_____

Attorney for: _____

Attorney and Firm Name: _____

Mailing Address: _____ City_____ ZIP_____

Area Code and Telephone Number: _____ Fax_____

Attorney for: _____

Attorney and Firm Name: _____

Mailing Address: _____ City_____ ZIP_____

Area Code and Telephone Number: _____ Fax_____

Attorney for: _____

Attorney and Firm Name: _____

Mailing Address: _____ City_____ ZIP_____

Area Code and Telephone Number: _____ Fax_____

Attorney for: _____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

11/18/10 15:01:25

# SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C11 | BANKS 657-622-5211 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (657) 622-5211 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (657) 622-5211 and supply whatever information may be requested. |
| C20 | CHAFFEE 657-622-5220 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C15 | FIRMAT 657-622-5215 | Thursday 3:00 p.m. | Daily 1:30 p.m. | Not required | 11:00 a.m. | Yes | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C18 | DI CESARE 657-622-5218 | Thursday 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 4:30 P.M. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C22 | FELL 657-622-5222 | Wednesday 10:00 a.m. Motions must be reserved prior to filing by calling 657-622-5222. | Daily 8:30 a.m. | Not required | 2:00 p.m | Yes 4:30 p.m. the day before | Moving party must submit on moving papers unless the court invites oral argument. Oral argument will be heard on the hearing date. Oppositions must be in writing but may be hand written if presented at the time of appearance. |
| C9 | GASTELUM 657-622-5209 | Tuesday 2:00 p.m. | M,T,W,TH 1:30 p.m. | Noon | 10:00 a.m. day of hearing | | |

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C33 | GLASS 657-622-5233 | Tuesday 9:00 a.m. **NOTE:** effective the week of August 17th Law & Motion will be heard Mondays at 1:30 p.m. | Monday 10:00 a.m. T, W, Th, F 9:00 a.m. | 9:00 a.m. | 3:00 p.m. Oppositions due by 9:00 a.m. day before hearing | Yes Friday before hearing | Oral argument will be heard at the hearing. Counsel may submit on pleadings but must inform clerk prior to calendar call. Call clerk if all sides submit to tentative ruling. The court may allow oral argument but it will be limited to 5 minutes or less per side. |
| C31 | HORN 657-622-5231 | Wednesday 1:30 p.m. | M,T,W,TH,F 9:00 a.m. | 12:00 p.m. before Ex Parte Hearing. Reservation must be made with courtroom prior to the hearing. | 3:00 p.m. | No | |
| C24 | HUNT 657-622-5224 | T, W, Th 8:30 a.m. | Daily 1:30 p.m. | Not required | Submit documents at time of hearing | No | Motions for Summary Judgment & Demurrers must be reserved with C-24 prior to filing by calling (657)622-5224. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C26 | LEWIS 657-622-5226 | Monday 10:30 a.m. | T, W, TH, F 8:30 a.m. | 10:00 a.m. | 2:00 p.m | Yes noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C27 | MAKINO 657-622-5227 | Friday 9:00 a.m. | M,T,W,TH 8:45 a.m. | 10:00 a.m. Reservation must be made with courtroom prior to Ex Parte hearing. | 3:00 p.m. | Yes | Once tentative ruling is posted NO continuance will be granted or hearing cannot be taken off calendar |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| VICTORIA BASTIDA; ROGELIO BASTIDA, HUSBAND AND WIFE; AND BRADLEY VARGAS DBA VARGAS HOME, | INDYMAC BANK; INDAYMAC FEDERAL BANK; ONE WEST BANK; INDYMAC MORTGAGE SERVICES, division of ONE WEST BANK, FSB, et al |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JAMES J. BROWN, III, ESQ. SBN 169686 LAW OFFICES OF JAMES J. BROWN, III 1700 E. GARRY AVE., STE 222 SANTA ANA, CA 92705 562-363-6850 | T. ROBERT FINLAY, ESQ. SBN 167280 NICOLE S. DUNN, ESQ. SBN 213550 JONATHAN M. ZAK, ESQ. SBN 121592 4665 MACARTHUR COURT, STE 280 NEWPORT BEACH, CA 92660 949-477-5050 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

12 U.S.C. 2601/ 15 U.S.C 1692/ 15 U.S.C. 1601

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | | ☐ 440 Other Civil Rights | | |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

   [ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

   [ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

   [ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

   [ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

   [ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN FRANCISCO, CA | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12/13/10

JONATHAN M. ZAK, ESQ.

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1893 DOC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.