Case No. SACV 10-1893 DOC (RNBx)             Date: July 13, 2011

Title: VICTORIA BASTIDA, ET AL v. INDYMAC BANK, ET AL

PRESENT:

                           THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND REMANDING TO STATE COURT

       Before the Court is a Motion for Judgment on the Pleadings (Dkt. 12) filed by Defendants Mortgage Electronic Registration Systems, Inc. and One West Bank (collectively "Defendants") in the above-captioned case. The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion and REMANDS this case to Orange County Superior Court.

       **I.**       **Background**

       The facts as alleged in the Complaint are as follows: in July of 2007, Plaintiff Victoria Bastida ("Bastida") obtained a loan for real property from Defendant T.J. Financial, Inc. ("T.J."). Complaint, ¶ 1. For reasons unexplained in the Complaint, Defendant Wells Fargo Bank ("Wells Fargo") was identified as the original beneficiary.

       Thereafter Wells Fargo allegedly transferred the loan to Defendant IndyMac Mortgage Services ("IndyMac"), but failed to disclose the transaction to Plaintiff within three days, as required by

Cal. Civ. Code § 2934(a). As a result of this failure, Bastida's monthly income and expenses were inappropriately calculated for the transaction. The mortgage became unaffordable, with a minimum debt to income ration of 112.063%. Plaintiff avers that she fears that she may soon lose her home and requests that the Court order equitable remedies and monetary damages.

According to Defendants, Plaintiffs defaults on their loan on February, 1, 2009 and a Notice of Default was recorded on August 12, 2009. Defendants' Request for Judicial Notice ("DRJN"), Ex. 2. An Assignment of Deed of Trust from defendant Mortgage Electronic Registration Systems, Inc. ("MERS") to defendant OneWest Bank ("OneWest") was recorded. *Id.*, ex. 3. Plaintiff Victoria Vargas filed for bankrupty following the November 2009 Notice of Trustee's Sale, and on May 10, 2010, OneWest obtained relief from stay. *Id.*, ex. 4-5. The Property was sold and a Deed Upon Sale recorded on June 28, 2010. *Id.*, ex. 6. That same day, an Assignment of Deed of Trust from OneWest to OWB REO, LLC was recorded. *Id.*, ex. 7.

On September 20, 2010, Plaintiffs filed this action in state court. The Complaint brings causes of action for: (1) Lack of Jurisdiction of A Limited Jurisdiction Forum; (2) Inequitable Practices - Predecessor and Successor Corporate Liability; (3) Real Estate Settlement Procedure Act, – U.S.C. § 2601, *et seq.*; (4) Cal. Civ. Code § 2923.52, *et seq.*; (5) The Making Home Affordable Program; (6) Fair Debt Collection Practices Act; (7) Unfair Practices; (8) Cal. Civ. Code § 17200, *et seq.*; (9) Truth in Lending Act; (10) Fraud, Cal. Civ. Code § 1572, *et seq.*; (11) Breach of Fiduciary Duties; (12) Illegal Contract and Notices; (13) Unconscionable Contract; (14) Breach of Contract; (15) Bad Faith Breach of Contract; (16) Breach of Quiet Enjoyment; and (17) Punitive Damages.

On December 13, 2010, defendant Wells Fargo removed the case to this Court, but was subsequently dismissed from this case. On April 19, 2011 Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and One West Bank ("One West") brought the present Motion.

## II. Legal Standard

### A. Judgment on the Pleadings

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* (citing *Doleman*, 727 F.2d at 1482); *accord Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the

complaint raises issues of fact, which, if proved, would support recovery. Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

"Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach*, 896 F.2d at 1550 (citing Fed. R. Civ. P. 12(c)). However, the Court may consider facts that "are contained in materials of which the Court may take judicial notice." *Heliotrope*, 189 F.3d at 981 (citing *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). A Court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### B. Supplemental Jurisdiction

28 U.S.C.A. § 1367(c)(3) provides that a district court may decline to exercise jurisdiction over supplemental state-law claims if the court has dismissed all claims over which it has original jurisdiction. Although the district court may retain jurisdiction over the state-law claims remaining after a dismissal, especially where judicial resources have been expended, in the usual case in which all federal law claims are eliminated before trial, the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)

## III. Discussion

### A. Federal Causes of Action

The Court first turns to the causes of action over which it has original jurisdiction. It examines the four federal claims separately, though not necessarily in the order in which they were pleaded.

#### 1. The TILA Claim

Plaintiffs' Ninth Cause of Action is brought under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Defendants first object to the fact that neither of them is alleged to have originated Plaintiffs' loan, thus they argue that they cannot be held liable under TILA.

Either way, the TILA claim fails based on the statute of limitations. An action for rescission under TILA must be brought within three years of the date of the alleged violation; an action for damages under TILA must be brought within one year of that date. 15 U.S.C. §§ 1635(f); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). The clock begins to run on the date when a plaintiff first has a reason to suspect a factual basis for his or her claim, meaning that the

Plaintiff must have received "notice or information of circumstances [that would] put a reasonable person on inquiry" of a TILA violation. *Nogart v. Upjohn*, 21 Cal. 4th 383, 397-98 (1999). Typically, plaintiffs have a reason to suspect a TILA violation on the date that they sign their loan documents. *Meyer v. Ameriquest Mortgage Co.*, 342 F.2d 899, 902 (9th Cir. 2003).

In this case, Plaintiffs' loan was signed in July of 2007. Complaint, ¶ 5. This was more than three years before Plaintiffs filed suit in September 2010. Therefore, regardless of whether Plaintiffs seek rescission or damages, Plaintiffs' TILA claim is barred by the statute of limitations.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claim under TILA. This claim is hereby DISMISSED WITH PREJUDICE.

### 2. RESPA Claim

Plaintiffs' third cause of action is brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* Plaintiffs allege that "[f]ees were never properly disclosed to the borrower, Plaintiffs" as required under the statute. Complaint, ¶ 8. Plaintiffs further aver that "[l]enders, the Defendants and their Agents, have an obligation to provide a good faith estimate of the closing costs that will be due at time of settlement . . . ." *Id.* However, as Defendants argue, Plaintiffs have not alleged that Defendants participated in the loan origination.

Furthermore, Plaintiffs' RESPA claim suffers from the same problems as the TILA claim. A RESPA claim must be brought "within 3 years in the case of a violation of section 2605" and within "1 year in the case of a violation of section 2607 of 2608." *See* 12 U.S.C. § 2614. Since the Complaint's second cause of action brings claims under the statute generally, the Court assumes the Plaintiffs meant to bring claims under both sections of the statute. However, both the one year and three year statutes of limitations preclude Plaintiffs' claims under RESPA. The Complaint was filed in September of 2010--over three years after Plaintiffs consummated her loan transaction with Defendants in July of 2007. Complaint, ¶ 5.

Accordingly, the RESPA claim is barred by the statute of limitations and this claim is DISMISSED WITH PREJUDICE.

### 3. HAMP Claim

Fifth Cause of Action is brought under "the Making Home Affordable Program." Complaint, ¶ 10. The Court presumes this to be a claim under the Home Affordable Modification Program ("HAMP"), which allows banks to receive incentive payments for providing mortgage loan modifications to eligible borrowers.

Plaintiffs' Complaint states no facts related to this cause of action, and instead describes their characterization of the program. *See id.* Furthermore, Plaintiffs have no standing to sue under HAMP, which does not allow for a private right of action under HAMP. *See, e.g.*, *Cleveland v. Aurora Loans Servs., LLC*, 2011 WL 2020565, *5 (N.D. Cal. May 24, 2011) ("Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP. In addition, numerous courts have determined that individual borrowers do not have standing to sue under a HAMP [Servicer Participation Agreement] because they are not intended third-party beneficiaries of the SPA.") (citations omitted).

For these reasons, Defendants' Motion to dismiss the fifth cause of action is GRANTED. The claim is DISMISSED WITH PREJUDICE.

### 4. FDCPA Claim

The final federal claim asserted, Plaintiffs' Sixth Cause of Action, is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendants contend that Plaintiffs' FDCPA claim fails because foreclosure proceedings are not debt collection actions pursuant to the FDCPA statute. Indeed, the text of the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a). In short, a debt is a monetary obligation, and a debt collection action aims to compel payment of this obligation. The aim of a foreclosure, however, is distinct from the aim of a debt collection action. With a foreclosure, the trustee exercises his power of sale, which is security against the breach of the obligation. Cal. Civ. Code § 2924. Thus, "[p]ayment of funds is not the object of the foreclosure action. Rather the lender is foreclosing its interest in the property." *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Because a transfer on interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA. As such, "[a]ny actions taken by [defendants] in pursuit of the actual foreclosure may not be challenged as FDCPA violations." *Id*. Other courts have held likewise. *See Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); *see also Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (D. W. Va. 1998), aff'd, 173 F. 3d 850 (4th Cir. 1999) (finding that a foreclosure proceeding pursuant to a deed of trust was not a basis for a FDCPA violation).

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's FDCPA claim for failure to state a claim.

### B. Plaintiff's Remaining State Law Claims

Because the federal claims were the basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[1] Accordingly, this case is REMANDED to Orange County Superior Court.

The Court will therefore not address Plaintiff's pleadings as to the state causes of action, but will reserve that analysis for the state court.

### IV. Disposition

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings is hereby GRANTED as to Plaintiff's third, fifth, sixth, and ninth causes of action, all of which are DISMISSED WITH PREJUDICE.

Because the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, the case is therefore REMANDED to state court for want of federal jurisdiction.

The Clerk shall serve this minute order on all parties to the action.

---

[1] 28 U.S.C. § 1367(c) provides that the district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."